UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRIS GALLUCIO, on his own
behalf and others similarly situated,

    Plaintiff,

vs.                                            Case No. 8:07-cv-02309-JDW-MAP

WEISER SECURITY SERVICES, INC.,
a Florida Corporation,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Partial Summary Judgment (Dkt. 37), to which Plaintiff has responded in opposition (Dkt. 41). Upon consideration, Defendant's motion is DENIED.

*Background*

Plaintiff Chris Gallucio ("Plaintiff") was employed by Defendant Weiser Security Services, Inc. ("Defendant") between March 2006 and October 2007. (Pl. Aff. ¶ 4). From March 2006 through January 2007, Plaintiff worked as a security officer at multiple sites for Defendant's various clients. (Pl. Aff. ¶ 5). His rate of pay depended on the site to which he was assigned. (Gallucio Depo. 11:18-23). In June or July of 2006, Plaintiff began working exclusively at the Alamo/National site. (Gallucio Depo. 22:12-25). Security officers at that site were paid $9.00 per hour, and site supervisors were paid $10.00 per hour. (Gallucio Depo. 19:7-20, 20:13-15). In August 2006, Plaintiff was promoted to the position of Acting Site Supervisor. (Pl. Aff. ¶ 6). Plaintiff asked Defendant's account manager, Victor Fresneda, who was Plaintiff's supervisor, whether his pay rate would be

1

raised. Fresneda informed Plaintiff that his rate would be raised to $10.00 per hour once he was made a permanent Site Supervisor. (Gallucio Depo. 12:25; 26:10-28:10). In January 2007, Plaintiff was formally given the title of "Site Supervisor." (Pl. Aff. ¶ 11).

Plaintiff alleges that once he was made a Site Supervisor, it took almost a month for his increased pay rate to take effect. (Gallucio Depo. 37:15-38:1). Plaintiff also contends that he was paid an hourly rate of $9.00 instead of $10.00 for some of his hours after he was made a permanent Site Supervisor. Plaintiff further alleges that he was not paid the appropriate rate of pay for all of his overtime. For some of his overtime, he was paid an hourly rate of $13.50. Plaintiff contends that he should have been paid an hourly rate of $15.00 for all overtime hours worked. (Gallucio Depo. 44:5-25).[1] Finally, Plaintiff avers that he was not given his final paycheck after he was terminated from Defendant's employment. (Pl. Aff. ¶ 39, Gallucio Depo. 82:21-83:3).

Plaintiff brings this action for recovery of overtime compensation (Count I) and minimum wages (Count II) pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as for recovery of unpaid wages pursuant to state law. (Dkt. 6, Am. Compl.).[2]

### *Standard*

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm*

---

[1] The Amended Complaint does not include a claim related to Plaintiff's alleged failure to be paid the appropriate rate for all hours worked as Site Supervisor, except to the extent Plaintiff alleges that his overtime rate was improperly calculated.

[2] The Amended Complaint also includes a claim for retaliation (Count IV), but that claim has been dismissed pursuant to Plaintiff's stipulation. (Dkt. 35).

2

*Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. Plaintiff's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Id.*

### Discussion

In the instant motion, Defendant requests summary judgment only as to Counts I and III. Defendant does not argue that it is not an enterprise covered by the FLSA or that Plaintiff is subject to any statutory exemption. Accordingly, the Court finds that Plaintiff is subject to the FLSA overtime statute, which provides: "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a).

**Count I - Recovery of Overtime Compensation**

Defendant first moves for summary judgment on Plaintiff's claim for recovery of overtime compensation. Defendant does not dispute that Plaintiff was paid an hourly rate of $13.50 for some overtime hours and an hourly rate of $15.00 for other overtime hours. However, Defendant contends that Plaintiff was not entitled to be paid an hourly rate of $10.00 for all of his shifts, and thus $10.00 is not Plaintiff's regular rate for the purposes of calculating overtime. According to Defendant, its contract with Alamo/National authorized only 40 hours for the Site Supervisor. As Plaintiff was paid in accordance with the hours authorized under the contract, if Plaintiff exceeded 40 hours in a week, he was paid as a security officer rather than a Site Supervisor. (Bernard Aff. ¶¶ 4-5). Defendant contends that it paid Plaintiff "the equivalent of" a blended rate for his overtime and that the blended rate method for calculating overtime is authorized by the FLSA.

Defendant contends that its method of calculation is appropriate pursuant to 29 C.F.R. § 778.115, a Department of Labor regulation. That regulation provides:

> Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked at all jobs. Certain statutory exceptions permitting alternative methods of computing overtime pay in such cases are discussed in §§ 778.400 and 778.415 through 778.421.[3]

29 C.F.R. § 778.115. Pursuant to § 778.115, "[t]he overtime rate of pay is based on the blended (or weighted) rate of pay. The total straight-time compensation . . . is divided by the total hours worked . . . to determine the blended rate of pay at which to pay overtime." *Allen v. Bd. of Public Edu. for Bibb County*, 495 F.3d 1306, 1310-11 (11th Cir. 2007). "Under the FLSA, the regular rate is derived

---

[3]Defendant does not contend that any statutory exception exists which would permit an alternative method of computing Plaintiff's overtime pay.

from 'all remuneration for employment paid to, or on behalf of, the employees." *Id.* at 1311 (citing 29 U.S.C. § 207(e)). When an employee "receives two different rates of pay, then the combined pay must be used in calculating all remuneration for employment. The total remuneration is then divided by the total number of hours actually worked in that workweek." *Id.* at 1311-12. There is no requirement that an employee perform different types of work in order for a blended rate to be used in determining the regular rate for the purposes of computing overtime pay. *Id.* at 1311-13.

In this case, Defendant argues that it used "the equivalent of" a blended rate in computing Plaintiff's overtime pay. Had Defendant used a blended rate, it would have divided Plaintiff's straight-time compensation, made up of some hours worked at $10.00 per hour and other hours worked at $9.00 per hour, by Plaintiff's total hours worked in order to determine Plaintiff's regular rate on which to base overtime. According to Defendant,"[o]verall, Weiser paid Plaintiff more than DOL would have required" had Defendant applied the blended rate method. (Sutherlin Aff. ¶ 9). Defendant does not explain how it calculated Plaintiff's overtime pay, but contends that its method resulted in greater overall compensation to Plaintiff than the blended rate method. According to Defendant, based on a review of Plaintiff's hours worked and compensation received over the duration of his employment as Site Supervisor, Plaintiff received $324.10 more than he would have received had Defendant applied the blended rate method authorized by § 778.115. (Sutherlin Aff. ¶ 9 and attached Wage Comparison chart).[4]

Nevertheless, Plaintiff asserts that since he was entitled to be paid $10.00 per hour for all hours worked, he should have been paid $15.00 for all of his overtime hours. While Plaintiff may

---

[4]Defendant's Wage Comparison Chart reflects that for some pay periods Plaintiff received less compensation than he would have received under the blended rate method. However, over the 10-month duration of his employment as Site Supervisor, Plaintiff received $324.10 more than he would have received had Defendant applied the blended rate method.

5

have received more overtime pay than he would have received had Defendant applied the blended rate method, he received less overtime pay than he would have received had Defendant used $10.00 as his regular rate for computing overtime. Moreover, Defendant's reliance on the method of computation authorized by 29 C.F.R. § 778.115 is a fiction, as Defendant admittedly did not apply the blended rate method described in the regulation.

There is a material issue of disputed fact regarding Plaintiff's regular rate of pay. Plaintiff contends that Fresneda informed him that he would be paid $10.00 per hour once he was made a permanent Site Supervisor. (Gallucio Depo. 27:6-28:10). Plaintiff testified that he complained to Fresneda "dozens of times" about being paid $9.00 per hour for some of his hours worked as a Site Supervisor. (Gallucio Depo. 38:2-40:1).[5] Defendant contends that Plaintiff was paid according to its contract with Alamo/National, which authorized only 40 hours for a Site Supervisor. (Bernard Aff. ¶ 4). According to Defendant, "[i]t is the practice of Weiser to pay its Site Supervisor in accordance with the hours authorized under the contract. If they are working outside of their normal shift and in excess of the hours authorized for a Site Supervisor during the pay period, then they are paid at the security guard rate." (Bernard Aff. ¶ 5). Timothy Bernard, Defendant's branch manager, avers that "[t]o my knowledge, no one at Weiser promised Plaintiff that he would be paid $10.00 per hour for every hour he worked." (Bernard Aff. ¶ 5). Plaintiff, however, testified that Fresneda informed him that he would be paid $10.00 per hour once he was made a permanent Site Supervisor. (Gallucio Depo. 27:6-28:4). When Plaintiff asked Fresneda why he was receiving $9.00 per hour as a Site

---

[5] Defendant moves to strike Plaintiff's affidavit (Dkt. 42) on the basis that it is inconsistent with Plaintiff's deposition testimony. (Dkt. 43). Specifically, Defendant contends that Plaintiff's averment in his affidavit that he did not know he was working at two different rates of pay contradicts Plaintiff's deposition testimony that he spoke to his supervisor when he became aware that he was being paid two different rates. Defendant's motion to strike (Dkt. 42) is denied. Plaintiff's deposition testimony reflects Plaintiff's position that he did not believe that his work as Site Supervisor was subject to different rates and that he believed he was entitled to be paid $10.00 per hour for all hours worked as Site Supervisor, thus the reason for his numerous complaints. Plaintiff's affidavit does not conflict with his deposition testimony.

Supervisor, Fresneda told him "because that's the way we do it" and that it was legal. (Gallucio Depo. 38:13-39:11). However, there is no evidence from Fresneda disputing that he told Plaintiff he would be paid $10.00 per hour as Site Supervisor. In addition, Defendant does not contend that it ever informed Plaintiff that the contract with Alamo/National dictated that he be paid two different rates or explained the method for determining his rates of pay. As the appropriate overtime rate is a product of Plaintiff's regular rate, which is disputed, and the number of hours worked, summary judgment cannot be granted to Defendant on Plaintiff's claim for unpaid overtime compensation. *Allen*, 495 F.3d at 1311-12 (citing 29 C.F.R. § 778.209; *Overnight Transp. Co. v. Missel*, 316 U.S. 572, 580 n.16 (1942)).

### Count III - Recovery of Unpaid Wages (State Law)

In Count III of Plaintiff's Amended Complaint, Plaintiff seeks recovery of unpaid wages pursuant to the Florida Minimum Wage Act, Fla. Stat. § 448.10. Plaintiff concedes that Defendant is entitled to summary judgment as to Plaintiff's claim that he worked off the clock when assigned to train employees. However, Plaintiff contends that Count III also includes a claim that he was not tendered a final paycheck, which Defendant fails to address. (Dkt. 41, pp. 1 n.1, 2; Gallucio Aff. ¶¶ 40-41).

Pursuant to the Florida Minimum Wage Act, "employers shall pay employees a minimum wage...." Fla. Stat. § 448.10(3). "Only those individuals entitled to receive a minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage...." *Id.* Defendant does not argue that Plaintiff was not legally entitled to receive his paycheck or proffer evidence that it did in fact pay Plaintiff for his final week of work. Indeed, Defendant's motion fails to address Plaintiff's contention that Defendant did not tender his

final paycheck. Therefore, summary judgment cannot be granted to Defendant as to Count III.[6]

Accordingly, it is

**ORDERED AND ADJUDGED**:

1)  Defendant's Motion for Partial Summary Judgment (Dkt. 37) is **DENIED**.

2)  Defendant's Motion to Strike Plaintiff's Affidavit (Dkt. 42) is **DENIED**.

**DONE AND ORDERED** in chambers this 20th day of October, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[6] By its concession, however, Plaintiff is precluded from pursuing damages related to working off the clock while training employees.